UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.N.,<br><br>   Plaintiff,<br><br>   v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA, et al.,<br><br>   Defendants. | Case No. 20-cv-08907-HSG<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 28 |

Pending before the Court is Defendant Life Insurance of North America ("LINA")'s motion to dismiss Plaintiff G.N.'s complaint, for which briefing is complete. Dkt. Nos. 28 ("Mot."), 30 ("Opp."), and 31 ("Reply"). For the following reasons, the Court **DENIES** Defendant's motion.[1]

**I.   BACKGROUND**

Plaintiff G.N. was a participant in the Southern California Permanente Medical Group ("SCPMG") employee welfare benefit plan ("the Plan") governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. Dkt. No. 24 ("First Amended Complaint" or "FAC") ¶¶ 1, 11. The Plan offered by SCPMG included both short-term disability ("STD") benefits, also referred to as the Compensation Continuance Plan ("CCP"), and long-term disability ("LTD") benefits. *Id.* at ¶ 7.

As a result of emotional and psychological disabilities, Plaintiff went on leave from her position at SCPMG in September of 2016 and filed a claim for STD and LTD benefits. *Id.* at ¶ 13, 15. "During the claims process Plaintiff repeatedly informed LINA that she was filing claims for

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

both short-term and long-term disability." *Id.* at ¶ 18. LINA denied Plaintiff's STD benefits claim, "including any and all appeals." *Id.* at ¶ 16. And "[d]espite repeatedly being informed, both verbally and in writing," that Plaintiff was filing claims for both STD and LTD, LINA "never issued a decision" on Plaintiff's LTD claim. *Id.* at ¶ 16–17. Plaintiff alleges that the LTD claim is "deemed denied." *Id.* at ¶ 17. Following the denial of benefits, Plaintiff brings this action for relief under Section 502 (a)(1)(b) of ERISA, 29 U.S.C. Section 1132(a)(1)(B). *Id.* at ¶ 1.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## III. DISCUSSION

### A. Requests for Incorporation by Reference

In *Khoja v. Orexigen Therapeutics*, the Ninth Circuit clarified the incorporation by reference doctrine. 899 F.3d 988 (9th Cir. 2018). The incorporation by reference doctrine is a

judicially-created doctrine that allows a court to consider certain documents as though they were part of the complaint itself. *Id.* at 1002. A document may properly be incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* at 1002 (citing *U.S. v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)). This is to prevent plaintiffs from cherry-picking certain portions of documents that support their claims, while omitting portions that weaken their claims. *Id.* However, it is improper to consider documents "only to resolve factual disputes against the plaintiff's well-pled allegations in the complaint." *Id.* at 1014.

Both parties seek to incorporate the SCPMG Employee Benefit Handbook, although Plaintiff includes only an excerpt and LINA includes the whole document. Opp. at 3; Reply at 4. Because the complaint "necessarily relies" on this document and neither party contests the document's authenticity or relevance, the Court considers Exhibit 26, the full SCPMG Employee Benefits Handbook, an appropriate subject for incorporation by reference. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

As relevant to interpreting the terms of the Plan, LINA seeks to incorporate Exhibit 1, the Claim Consulting Agreement (CCA) governing the STD benefits, and Exhibit 22, the Group Plan governing LTD benefits. Mot. at 11. LINA contends that Plaintiff "explicitly alleges" these two documents "as forming the basis of her claims for disability benefits." Mot. at 11–12. But because LINA offers these documents to contradict Plaintiff's allegations, the Court **DENIES** LINA's request to incorporate Exhibit 1 and 11. *Khoja*, 899 F.3d at 1014.

LINA also seeks to include numerous letters, emails, and a call summary to demonstrate Plaintiff's failure to exhaust administrative remedies. Mot. at 12–14. These documents are not referred to extensively in the complaint and they do not form the basis of plaintiff's claim. *See Adan v. Kaiser Foundation Health Plan*, No. 17-cv-01076-HSG, 2018 WL 1174559, at *4 (N.D. Cal. March 6, 2018) (finding letters sent from insurance company to the plaintiff were not extensively referred to in the complaint by plaintiff and thus were inappropriate for incorporation by reference). Consideration of these documents would be more appropriate at the summary judgment stage. *See M.O.R.E., LLC v. U.S.*, No. 12-cv-03609-JST, 2015 WL 509321, at *3 (N.D.

3

Cal. Aug. 28, 2015) ("The incorporation by reference doctrine 'is a narrow exception aimed at cases interpreting, for example, a contract. It is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgement.'") (quoting *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998)).

Accordingly, the Court **GRANTS** LINA's request to incorporate by reference Exhibit 26. All remaining requests are **DENIED**.

### B. Motion to Dismiss

LINA moves to dismiss Plaintiff's FAC on two grounds. First, LINA argues that it is not a proper defendant for the STD benefits claim. Second, LINA argues that Plaintiff failed to exhaust administrative remedies for any LTD benefits claim.

#### i. Proper Defendant

LINA contends that Plaintiff's STD claim fails because it cannot be liable for the relief sought as a matter of law. Mot. at 14. Plaintiff responds that LINA is a proper defendant because it has complete decision-making power and "authority to resolve benefits claims." Opp. at 1, 12. To support her argument that LINA is a proper defendant, Plaintiff relies on *Cyr v. Reliance Standard Life Insurance Co.*, 642 F.3d 1202 (9th Cir. 2011), and *Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc.*, 770 F.3d 1282, 1297 (9th Cir. 2014). In *Cyr*, the Ninth Circuit addressed who can be sued under § 1132(a)(1)(B), the subsection at issue here. 642 F.3d at 1205–07. It noted that the subsection's text does not limit who may be sued, and overruled previous decisions holding that potential defendants were limited to plans and plan administrators. *Id.* at 1206–07. The court of appeals held that a plaintiff may bring suit against a defendant under 1132(a)(1)(B) "as long as that party's individual liability is established." *Id.* at 1207. It further explained that "[i]t is not enough to identify a plan administrator as a potential defendant" because a "plan administrator can be an entity that has no authority to resolve benefit claims or any responsibility to pay them." *Id.* But the court of appeals concluded that the plan insurer at issue, which was "responsible for paying legitimate benefits claims," was a proper defendant. *Id.*

The *Spinedex* court later "read [*Cyr*] to hold that proper defendants under § 1132(a)(1)(B) for improper denial of benefits at least include ERISA plans, formally designated plan

4

administrators, insurers or other entities responsible for payment of benefits, and de facto plan administrators that improperly deny or cause improper denial of benefits." 770 F.3d at 1297. It also held that a proper defendant could include a "fiduciary" that "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets . . . [or] has any discretionary authority or discretionary responsibility in the administration of such plan." *Id.* at 1298. The court concluded that United could not be a proper defendant based on any "responsibility to pay benefits" since the plan at issue was "self-insured." *Id.* at 1298. But the court found there to be a discrepancy in the record, in that the district court had held that United was not an "administrator," while defendants stated in their appellate briefing that United was a "claims administrator." *Id.* The Ninth Circuit thus remanded for further proceedings because it was unclear whether United was "a formally designated or de facto administrator." *Id.*

Here, Plaintiff alleges that LINA both insured and administered the Plan. FAC ¶ 6. But relying on documents as to which the Court found incorporation by reference improper, LINA argues that "LINA was designated as a claim administrative services provider" for STD benefits, responsible only for the review of claims and appeals, while "SCPMG was entirely responsible for the payment of all STD benefits." Mot. at 14. Plaintiff contends that under *Spinedex* a plan administrator is "always a proper defendant to a claim for benefits under ERISA." Opp. at 11. LINA acknowledges that the *Spinedex* court "noted that a claim administrator could be a possible defendant in a claim for ERISA plan benefits," but argues that it "did not actually find that the claim administrator in question was a proper defendant." Reply at 4. That is beside the point: *Spinedex* held that proper defendants "at least include administrators that improperly deny or cause improper denial of benefits." *Spinedex*, 770 F.3d at 1297; *see also Smith v. Univ. of S. Cal.*, No. LA CV18-06111 JAK (AFMx), 2019 WL 988681, at \*4 (C.D. Cal. January 22, 2019) (finding "sufficient allegations" that the defendant third-party administrator "caused the alleged improper denial of benefits" and thus was "not an improper defendant"). In light of this authority, and viewing the allegations in the light most favorable to the Plaintiff, the Court finds that LINA has not established as a matter of law at this stage that it is not a proper defendant for the STD claim.

5

The Court thus **DENIES** LINA's motion to dismiss Plaintiff's STD claim.

### ii. Administrative Exhaustion

LINA contends that Plaintiff failed to submit any LTD claim. Mot. at 15. Plaintiff argues that "her claim was at all times for both STD and LTD benefits" because her "disability leave lasted an entire year." Opp. at 12. Contrary to LINA's position that Plaintiff's filed claim was only for STD benefits, Plaintiff alleges that she submitted a claim for both STD and LTD benefits. FAC ¶ 15. But the parties dispute the relevant requirements for administrative exhaustion of LTD benefits. Plaintiff refers to the SCPMG Benefit Handbook, which "directs plan participants to the Permanente Human Resources department for claims submission." *Id*. at 4. LINA argues that Plaintiff failed to provide specific documents required by the LTD Group Policy, an exhibit the Court has found inappropriate for consideration at this stage. Mot. at 15.

Generally, an ERISA claim for denial of benefits requires that a plaintiff "must avail himself or herself of a plan's own internal review procedures before bringing suit in federal court." *Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 626 (9th Cir. 2008) (citing *Diaz v. United Agric. Employee Welfare Benefit Plan & Trust*, 50 F.3d 1478, 1483 (9th Cir. 1995)). This "exhaustion doctrine" is consistent with ERISA's "background, structure and legislative history," and serves to reduce frivolous litigation. *Diaz*, 50 F.3d at 1483. "Consequently the federal courts have the authority to enforce the exhaustion requirement in suits under ERISA, and [ ] as a matter of sound policy they should usually do so." *Id.* (citations and quotations omitted and brackets in original). "However, when an employee benefits plan fails to establish or follow 'reasonable claims procedures' consistent with the requirements of ERISA, a claimant need not exhaust because his claims will be deemed exhausted." *Barboza v. California Ass'n of Pro. Firefighters*, 651 F.3d 1073, 1076 (9th Cir. 2011) (citations omitted).

The Ninth Circuit has recognized exhaustion of remedies as "an affirmative defense the defendant must plead and prove." *Albino v. Baca*, 747 F.3d 1162, 1166, 1171 (9th Cir. 2014); *Norris v. Mazzola*, No. 15-CV-04962-JSC, 2016 WL 1588345, at *5 (N.D. Cal. Apr. 20, 2016) (applying *Albino* to ERISA cases). In *Albino*, the court of appeals held that questions of exhaustion generally should be resolved on a motion for summary judgement. 747 F.3d at 1168.

6

But it explained that dismissal is appropriate in the "rare event" that "failure to exhaust is clear on the face of a complaint." *Id.*

Here, it is not clear from the face of the complaint that Plaintiff failed to exhaust administrative remedies. Plaintiff asserts that her allegations are clear in that "she both submitted a long-term disability claim and exhausted her administrative remedies in relation to that claim." Opp. at 8 (citing FAC ¶ 15–21). As Plaintiff notes, the SCPMG Benefit Handbook directs plan participants to Human Resources "for submission of long-term disability claims." Plaintiff argues that she followed this procedure by informing SCPMG when she went on disability leave that her earliest expected return to work date was in one year and that she "wished to file claims for benefits." *Id.*

In all, the Court finds that this is not the "rare event" where failure to exhaust is evident from the face of the complaint. *See Albino*, 747 F.3d at 1168. Plaintiff's position strikes the Court as somewhat strained, but whether Plaintiff or Defendant is correct as a factual matter is a question for the summary judgment stage. The Court thus **DENIES** LINA's motion to dismiss Plaintiff's LTD claim. If Defendant succeeds on its exhaustion defense at summary judgment, the Court will not hesitate to terminate this case on that basis and require Plaintiff to properly exhaust.

//
//
//
//
//
//
//
//
//
//
//
//

7

## IV. CONCLUSION

The Court **DENIES** LINA's motion to dismiss. The Court **SETS** a telephonic case management conference on July 6, 2021, at 2:00 p.m. The Court **DIRECTS** the parties to submit a joint case management statement by July 2, 2021. All counsel shall use the following dial-in information to access the call:

Dial-In: 888-808-6929;

Passcode: 6064255

For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines

**IT IS SO ORDERED.**

Dated: 6/25/2021

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge